**United States District Court**
For the Northern District of California

1

2

3

4                    UNITED STATES DISTRICT COURT

5                  NORTHERN DISTRICT OF CALIFORNIA

6

7    CHARLES ANDERSON MILLER,              Case No.  16-cv-02431-EMC

8              Plaintiff,

9         v.                              **ORDER**

10   CALIFORNIA DEPARTMENT OF             Docket Nos. 59, 60, 65, 67
     CORRECTIONS AND REHABILITATION
11   (CDCR), et al.,

12             Defendants.

13

14         This matter is now before the Court for consideration of Plaintiff's two discovery letter

15   requests and Plaintiff's request to compel a Defendant to file an answer to the complaint.

16         Plaintiff has sent to the Court a letter requesting permission to file a motion to compel

17   Defendants to allow him additional access to a computer on which to view documents Defendants

18   had produced to him on a compact disk.  His request and accompanying motion to compel are

19   **DENIED**.  (Docket Nos. 59 and 60.)  Plaintiff set his letter request to the Court before he even

20   attempted to make use of the half-hour access to a computer that Defendants had offered him to

21   view the CD.  Plaintiff's request for Court intervention in the discovery dispute was thus

22   premature as his refusal to even try the half-hour of access to determine if it would meet his needs

23   was not a good faith effort to meet-and-confer to resolve the discovery dispute.[1]  More

24   _____

25   [1] To promote the goal of addressing only very specific disagreements (rather than becoming an
     overseer of all discovery), the Court requires that the parties meet and confer to try to resolve their
26   disagreements before seeking judicial intervention.  *See* Fed. R. Civ. P. 37(a); N. D. Cal. Local
     Rule 37.  Where, as here, one of the parties is a prisoner, the Court does not require in-person
27   meetings and instead allows the prisoner and defense counsel to meet and confer by telephone or
     exchange of letters.  Although the format of the meet-and-confer process changes, the substance of
28   the rule remains the same: the parties must engage in a good-faith effort to meet and confer before
     seeking court intervention in any discovery dispute.

**United States District Court**
For the Northern District of California

1    importantly, after Plaintiff filed his letter brief, Defendants provided him with paper copies of all

2    the documents on the CD.  (*See* Docket No. 62.)  It turned out that there were several thousand

3    pages of documents on the CD, so it would have taken Plaintiff many, many days to view the

4    documents.  Defendants' provision of paper copies of all the documents on the CD sufficed to

5    satisfy their discovery obligations.  As a prisoner, Plaintiff's access to electronic equipment is

6    likely extremely limited, so it is not clear why he requested the production of documents in both

7    electronic *and* paper form.  Plaintiff has not shown any reasonable need for access to electronic

8    equipment to view the documents now that paper copies have been produced.  Ordering prison

9    officials to grant him special access to a computer to view the CD would interfere with normal

10   prison operations.  Absent unusual and compelling circumstances not present here, federal courts

11   generally are discouraged from interfering with day-to-day prison administration decisions.  *See*

12   *Turner v. Safley*, 482 U.S. 78, 84-85 (1987).  If Plaintiff has a specific need for the CD to be

13   viewed, he can enlist the aid of someone outside prison to view it.

14            Plaintiff filed another letter requesting permission to file a motion to compel further

15   responses to his request for production and inspection of documents and other tangible things.

16   (Docket No. 67.)  The request is **DENIED** because Plaintiff's meet-and-confer letter provided

17   such a short deadline that it was not a good faith effort to meet and confer.  Plaintiff mailed a

18   meet-and-confer letter to counsel for two different sets of defendants on October 24 (which would

19   have been received on October 25 (a Tuesday) at the earliest), demanding that each of them set up

20   a telephone conference with him no later than October 31 (the following Monday), or he would

21   file a discovery request on November 1 (the next day).  Docket No. 67 at 13.  Demanding a

22   conference call be set up within four business days -- a process which also requires that prison

23   officials make certain accommodations to allow it to happen -- was not a good faith use of the

24   meet-and-confer process.  Although this may be Plaintiff's only case, attorneys have many cases

25   and cannot necessarily drop everything to immediately deal with an insistent opponent.  Defense

26   counsel also may not be able to force prison officials to immediately arrange the telephone

27   conference for the insistent prisoner-litigant.  The denial of Plaintiff's request to file a motion to

28   compel is without prejudice to Plaintiff filing a new motion to compel no earlier than December 1,

2016, if the discovery dispute remains unresolved; this will give the parties a reasonable opportunity to informally resolve their discovery dispute before turning to the Court for help.

Plaintiff has requested the Court to order Defendant Knight to file an answer to the complaint.  (Docket No. 65.)  The request is **DENIED**.  Defendant Knight has filed a waiver of reply.  (Docket No. 64.)  A defendant is permitted by statute to file a waiver of reply instead of an answer.  *See* 42 U.S.C. § 1997e(g).

**IT IS SO ORDERED**.

Dated: November 9, 2016

_____
EDWARD M. CHEN
United States District Judge