UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES ANDERSON MILLER,<br><br>Plaintiff,<br><br>v.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION (CDCR), et al.,<br><br>Defendants. | Case No. 16-cv-02431-EMC<br><br>**SCHEDULING ORDER**<br><br>Docket Nos. 70, 77 |

The order of service stated that, "[i]f Defendants file a motion for summary judgment, Defendants must provide to plaintiff a new *Rand* notice regarding summary judgment procedures at the time they file such a motion. *See Woods v. Carey*, 684 F.3d 934, 939 (9th Cir. 2012)." Docket No. 30 at 12. Defendants Schultz and Troup filed a motion for summary judgment (Docket No. 70) that was not accompanied by a *Rand* notice. The failure to comply with the *Rand* notice requirement subjects a ruling granting summary judgment to reversal. *See, e.g., Nelson v. Peck*, Ninth Cir. No. 12-16805 (9th Cir. Nov. 23, 2016) (provision of *Rand* notice at outset of case but not concurrently with the motion for summary judgment was reversible error). To avoid the possibility of such a reversal, the motion for summary judgment filed by Defendants Schultz and Troup is **DENIED** for failure to provide the *Rand* notice. (Docket No. 70.) The denial of the motion for summary judgment is without prejudice to these Defendants filing a new motion for summary judgment that is accompanied by a *Rand* notice.

Plaintiff filed an objection to the motion for summary judgment in which he pointed out the absence of a *Rand* notice. (Docket No. 72.) His familiarity with the *Rand* notice suggests that giving the notice at the time of filing a motion for summary judgment is only a formality in this

case, but the Ninth Circuit does require such a notice in any case where the plaintiff is a prisoner proceed *pro se*. In that same filing, Plaintiff objected to Defendants Schultz and Troup filing more than one summary judgment motion and stated that, if the court allows them to file another similar motion for summary judgment, "plaintiff will promptly notice the voluntary dismissal, without prejudice, of defendant Schultz in this action [only]." (*Id.* at 4.) The Court will permit a second motion for summary judgment, as there is no reason to hold a trial if there are not genuine issues of fact necessitating a trial. Plaintiff suffers from no unfair prejudice from a new filing if the first motion is disregarded.

The Court is concerned about Plaintiff waiting to dismiss a defendant. If Plaintiff believes Defendant Schultz should be dismissed, Plaintiff should file that dismissal *promptly*. His statement that he is going to wait to file that dismissal suggests a sort of gamesmanship that wastes time and resources of Defendant and the Court. Plaintiff is cautioned that Federal Rule of Civil Procedure 11 allows for sanctions against *unrepresented parties* as well as attorneys for various sorts of misconduct, including submitting filings for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation.

The Court now sets the following briefing schedule for a new or renewed motion for summary judgment from Defendants Schultz and/or Troup. Defendants Schultz and/or Troup must file and serve the motion for summary judgment with a *Rand* notice no later than **December 23, 2016**. Plaintiff must file and serve his opposition to the motion for summary judgment no later than **January 20, 2017**. Defendant Schultz and/or Troup must file and serve the reply (if any) no later than **February 3, 2017**.

Defendants CDCR, Ahmed, Bright, DeLuna, Hall, Posson and Williams, and Plaintiff submitted a stipulated request for a modification of the briefing schedule for summary judgment motions. Upon due consideration, the request is **GRANTED**. (Docket No. 77.) Defendants must file and serve their motion for summary judgment with a *Rand* notice no later than **February 28, 2017**. Plaintiff must file and serve his opposition to the motion for summary judgment no later than **April 14, 2017**. Defendants must file and serve the reply (if any) no later than **April 28, 2017.**

Plaintiff filed a notice of voluntary dismissal of Olga Beregovskaya. (Docket No. 76.) Accordingly, Olga Beregovskaya is **DISMISSED** from this action.

This order disposes of Docket Nos. 70 and 77.

**IT IS SO ORDERED**.

Dated: December 14, 2016

_____
EDWARD M. CHEN
United States District Judge