UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES ANDERSON MILLER,<br><br>Plaintiff,<br><br>v.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION (CDCR), et al.,<br><br>Defendants. | Case No. 16-cv-02431-EMC<br><br>**ORDER PERMITTING SUCCESSIVE MOTIONS FOR SUMMARY JUDGMENT AND SETTING BRIEFING SCHEDULE**<br><br>Docket Nos. 164, 166, 170 |

This is a *pro se* prisoner's civil rights action in which Plaintiff claims that defendants responded inadequately to his needs for a total knee replacement (TKR) and pain medication. Defendants moved for summary judgment on the merits of the federal constitutional claims but did not move for summary judgment on the merits of the state law claims asserted by plaintiff. The Court granted in part and denied in part that defense motion for summary judgment on January 24, 2018. Docket No. 134.

Defendants now request permission to file two new motions for summary judgment – one motion for summary judgment to address state law claims pertaining to Plaintiff's request for a TKR and a separate motion for summary judgment to address state law claims pertaining to Plaintiff's pain medication and retaliation claims. Defendants filed the two motions for summary judgment concurrently with their request for permission to file those motions.[1] Plaintiff responds

---

[1] Defendants further urge that, if the Court does not grant them leave to file the new motion for summary judgment regarding the pain medication state-law claims, the Court should remand those claims to state court. Because the Court will permit the new motions for summary judgment, it does not reach the remand question.

to Defendants' various filings with a motion for an extension of time to oppose the two requests for permission to file new motions for summary judgment as well as for an extension of time to oppose the two new motions for summary judgment.

Under this Court's standing order, a party may file only one motion for summary judgment unless permission is obtained from the Court to file a successive motion for summary judgment. The Ninth Circuit has held that "district courts have discretion to entertain successive motions for summary judgment." *Hoffman v. Tonnemacher*, 593 F.3d 908, 911 (9th Cir. 2010). A successive motion for summary judgment "is particularly appropriate on an expanded factual record." *Id.*

Although the Court is dismayed that Defendants did not make all their arguments in their original motion for summary judgment and greatly delayed in filing their successive motions for summary judgment, the interests of justice will be best served by permitting the successive motions for summary judgment in this case. Substantial judicial resources and juror time are expended whenever a trial is held; it is not sensible to expend these when it may not necessary to do so. Defendants have presented a substantially expanded factual record (compared to that presented in their original motion for summary judgment) and have included new arguments on the state-law claims that were not included in the original motion for summary judgment. There appear to be at least some potentially meritorious arguments for relief in Defendants' successive motions for summary judgment. Also, Defendants' failure to argue the merits of the state law claims in their original motion for summary judgment is somewhat understandable: given the many cases in which the federal courts have dismissed or remanded to state court the state law claims once the federal claims have been resolved, Defendants perhaps were unduly optimistic that their original motion for summary judgment would resolve all the federal claims and result in a remand of the rest of the action to state court.

Plaintiff argues at length in his 13-page request for an extension of the deadlines to oppose the requests and motions that the successive motions for summary judgment should not be permitted because, among other things, Defendants waived the state-law arguments by not making them in their original motion for summary judgment. His waiver argument finds no support in the law. The Ninth Circuit has held that successive motions for summary judgment are permissible

2

1 and "particularly appropriate" on an expanded factual record, as is the case here.

For the foregoing reasons, Defendants' requests for leave to file successive motions for summary judgment are **GRANTED**. Docket Nos. 164, 166. The Court will permit Defendants' motion for summary judgment regarding the medication and retaliation state-law claims (Docket No. 165) and Defendants' motion for summary judgment regarding the TKR state-law claims (Docket No. 167).

Plaintiff's request for an extension of the deadlines to oppose the requests to file successive motions for summary judgment and to oppose the successive motions for summary judgment is **GRANTED IN PART AND DENIED IN PART**. Docket No. 170. The Court will not extend the deadline for Plaintiff to file his *oppositions to the requests to file successive motions* for summary judgment because he has adequately presented the reasons he opposes the requests and there is not good cause to wait another thirty days to hear further argument from him that would result in a multi-month delay of briefing on the successive motions for summary judgment. However, the deadline for Plaintiff to file his *oppositions to the two successive motions for summary judgment* will be extended, however.

The Court now sets the following briefing schedule. No later than **August 20, 2019**, Defendants must mail to Plaintiff a copy of every case, statute, and rule cited in their new motions for summary judgment. No later than **October 4, 2019**, Plaintiff must file and serve his oppositions to the new motions for summary judgment. No later than **October 11, 2019**, Defendants must file and serve their reply briefs, if any.

The parties are expected to keep the two new motions for summary judgment separate. That is, Plaintiff should file an opposition to the motion for summary judgment regarding medication and retaliation state-law claims and a separate opposition to the motion for summary judgment regarding the TKR. Similarly, Defendants should file two separate reply briefs.

///

///

///

///

3

Plaintiff is reminded that his declaration may not include legal argument and instead must be limited to statements of fact of which he has personal knowledge. Each opposition brief shall not exceed 25 pages of text. Each reply brief shall not exceed 15 pages of text.

**IT IS SO ORDERED**.

Dated: August 8, 2019

_____
EDWARD M. CHEN
United States District Judge